IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO GARCIA,

    Plaintiff,

  v.

A. A. LAMARQUE, et al.,

    Defendants.
                             /

No. C 09-02235 CW (PR)

ORDER OF SERVICE

    Plaintiff Francisco Garcia, a state prisoner incarcerated at Salinas Valley State Prison (SVSP), has filed a pro se civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's motion for leave to proceed in forma pauperis has been granted.

    Venue is proper because the events giving rise to the claim are alleged to have occurred at SVSP, which is located in this judicial district.  See 28 U.S.C. § 1391(b).

    In his complaint, Plaintiff names the following Defendants: SVSP Warden A. A. Lamarque and California Department of Corrections and Rehabilitation (CDCR) Secretary James Tilton.  Plaintiff also names several Doe Defendants.  Plaintiff seeks injunctive relief and monetary damages.

DISCUSSION

I.   Standard of Review

    A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary

relief from a defendant who is immune from such relief.  Id. § 1915A(b)(1), (2).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law.  West v. Atkins, 487 U.S. 42, 48 (1988).  Moreover, pro se pleadings must be liberally construed.  Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

## II. Legal Claims

### A. Eighth Amendment Claim

The Eighth Amendment requires that prison officials provide all prisoners with the basic necessities of life such as food, clothing, shelter, sanitation, medical care and personal safety.  See Farmer v. Brennan, 511 U.S. 825, 832 (1994).  Liberally construed, Plaintiff's allegation that he became "very sick due to a serious indigestive [sic] problem" after SVSP prison officials provided him with "contaminated" well water on or around June, 2004 states a cognizable claim for relief under 42 U.S.C. § 1983 against Defendants Lamarque and Tilton.  See Leer v. Murphy, 844 F.2d 628, 633 (9th Cir. 1988) (when prisoner seeks injunctive relief from various personnel responsible for operating prison, focus is on whether combined acts and omissions created unconstitutional living condition).

### B. Claim Against Doe Defendants

In his complaint, Plaintiff identifies "any and all 'John Doe'

2

Defendants," whose names he intends to learn through discovery. The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against the Doe Defendants are DISMISSED from this action without prejudice. Should Plaintiff learn the Doe Defendants' identities through discovery, he may move to file an amendment to the complaint to add them as named defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's allegations state a cognizable claim for the violation of his Eighth Amendment rights against Defendants Lamarque and Tilton.

2. Plaintiff's claims against the Doe Defendants are DISMISSED from this action without prejudice.

3. The Clerk shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (docket no. 1) and a copy of this Order to the following: SVSP Warden A. A. Lamarque and CDCR Secretary James Tilton. The Clerk shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. The Clerk

3

shall mail a copy of this Order to Plaintiff.

    4.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires Defendants to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of Plaintiff, to waive service of the summons, fails to do so, Defendants will be required to bear the cost of such service unless good cause be shown for their failure to sign and return the waiver form. If service is waived, this action will proceed as if Defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve and file an answer before <u>sixty (60) days</u> from the date on which the request for waiver was sent. (This allows a longer time to respond than would be required if formal service of summons is necessary.) Defendants are asked to read the statement set forth at the foot of the waiver form that more completely describes the duties of the parties with regard to waiver of service of the summons. If service is waived after the date provided in the Notice but before Defendants have been personally served, the Answer shall be due <u>sixty (60) days</u> from the date on which the request for waiver was sent or <u>twenty (20) days</u> from the date the waiver form is filed, whichever is later.

    5.    Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

        a.    No later than <u>ninety (90) days</u> from the date

4

Defendants' answer is due, Defendants shall file a motion for summary judgment or other dispositive motion. The motion shall be supported by adequate factual documentation and shall conform in all respects to Federal Rule of Civil Procedure 56. If Defendants are of the opinion that this case cannot be resolved by summary judgment, Defendants shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

   b. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than <u>sixty (60) days</u> after the date on which Defendants' motion is filed. The Ninth Circuit has held that the following notice should be given to <u>pro se</u> plaintiffs facing a summary judgment motion:

> The defendant has made a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
>
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted [in favor of the defendants], your case will be dismissed and there will be no trial.

5

See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998) (en banc).

Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim). Plaintiff is cautioned that because he bears the burden of proving his allegations in this case, he must be prepared to produce evidence in support of those allegations when he files his opposition to Defendants' dispositive motion. Such evidence may include sworn declarations from himself and other witnesses to the incident, and copies of documents authenticated by sworn declaration. Plaintiff will not be able to avoid summary judgment simply by repeating the allegations of his complaint.

    c. If Defendants wish to file a reply brief, Defendants shall do so no later than thirty (30) days after the date Plaintiff's opposition is filed.

    d. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

6. Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

7. All communications by Plaintiff with the Court must be served on Defendants, or Defendants' counsel once counsel has been designated, by mailing a true copy of the document to Defendants or

6

Defendants' counsel.

8. It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion.

9. Extensions of time are not favored, though reasonable extensions will be granted. Any motion for an extension of time must be filed no later than <u>fifteen (15) days</u> prior to the deadline sought to be extended.

IT IS SO ORDERED.

DATED: 5/7/2010

CLAUDIA WILKEN
United States District Judge

<table>
<tr><td colspan="2" align="center">UNITED STATES DISTRICT COURT<br>FOR THE<br>NORTHERN DISTRICT OF CALIFORNIA</td></tr>
<tr><td>FRANCISCO GARCIA,<br><br>       Plaintiff,<br><br>  v.<br><br>A A LAMARQUE et al,<br><br>       Defendant.</td><td>Case Number: CV09-02235 CW<br><br>**CERTIFICATE OF SERVICE**</td></tr>
</table>

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on May 7, 2010, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco Garcia K-38818
Calipatria State Prison
P.O. Box 5002
Calipatria, CA 92233

Dated: May 7, 2010

                                   Richard W. Wieking, Clerk
                                   By: Nikki Riley, Deputy Clerk