**United States District Court**
**For the Northern District of California**

1
2
3
4            IN THE UNITED STATES DISTRICT COURT
5          FOR THE NORTHERN DISTRICT OF CALIFORNIA
6
7   FRANCISCO GARCIA,                    No. C 09-02235 CW
8            Plaintiff,                  ORDER GRANTING
                                         DEFENDANTS' MOTION
9        v.                              TO DISMISS AND
                                         DENYING MOTION FOR
10  A.A. LAMARQUE and JAMES TILTON,      SUMMARY JUDGMENT AS
                                         MOOT (Docket No.
11           Defendants.                 24); DENYING
                                         PLAINTIFF'S MOTION
12  _____/    TO COMPEL DISCOVERY
                                         RESPONSES (Docket
13                                       No. 30); AND DENYING
                                         PLAINTIFF'S RENEWED
14                                       MOTION FOR
                                         APPOINTMENT OF
15                                       COUNSEL (Docket No.
                                         35).
16

17

18       Plaintiff Garcia, a state prisoner proceeding pro se and in

19  forma pauperis, brings an action under 42 U.S.C. § 1983, alleging

20  that Defendants Lamarque and Tilton violated his Eighth Amendment

21  rights.  Defendants now make an unenumerated Rule 12(b) motion to

22  dismiss the Complaint for failure to exhaust administrative

23  remedies under the Prison Litigation Reform Act.  They also move to

24  dismiss on the basis that the claims are barred by the statute of

25  limitations and that Plaintiff cannot establish Defendants'

26  liability vicariously or in their official capacities under § 1983.

27  In the alternative, Defendants move for summary judgment under Rule

28

56(c).  Plaintiff opposes the motions.  The motions were taken under submission on the papers.  Having considered all of the papers filed by the parties, the Court GRANTS Defendants' motion to dismiss.[1]

BACKGROUND

Plaintiff is a prisoner at Calipatria State Prison serving a sentence of life imprisonment without possibility of parole.  He brings this § 1983 action against Defendant Lamarque, the former Warden of Salinas Valley State Prison (SVSP), and Defendant Tilton, the former Secretary of the California Department of Corrections and Rehabilitation (CDCR).  The Complaint alleges that Plaintiff was supplied with contaminated "brown water" for drinking and bathing during his incarceration at SVSP, exposing him to H. pylori bacteria and its attendant consequences, including a rash and chronic gastrointestinal illness.  According to the Complaint, Defendants Lamarque and Tilton were in positions of authority at the time of the contamination but did not act to protect Plaintiff from exposure.

Plaintiff's first period of incarceration at SVSP began in July 2001.  During a quarterly test of water quality on June 24, 2004, SVSP staff discovered that nitrate levels in the prison's well water were above the maximum concentration allowed by the California Department of Public Health.  The following day, Acting Warden Edward Caden sent a notice containing information about the elevated nitrate levels to all inmates at SVSP.  Decl. of Sam

---

[1] Because the Court grants the motion to dismiss, Defendants' motion for summary judgment is denied as moot.

Ochoa, Ex. A.

On July 29, 2004, Plaintiff was transferred to Corcoran State Prison (CSP).  In August 2004, Plaintiff sought medical treatment at CSP because he "broke out in a 'bad rash'" after using wool blankets given to him during the transfer.  Pl.'s Ex. 2.  In September 2004, Plaintiff was transferred to the Administrative Segregation Unit at SVSP in anticipation of court proceedings for an unrelated matter.  Decl. of Francisco Garcia, Ex. J.  While at SVSP, Plaintiff again sought treatment for his skin rash and explained that he had dealt with it "for a couple of years."  Pl.'s Ex. 2.  He was returned to CSP in January 2005.  Plaintiff was again transferred to the Administrative Segregation Unit at SVSP in February 2005.  Decl. of Garcia, Ex. K.  At SVSP, Plaintiff saw a physician for the rash once in February 2005 and again in March 2005.  Pl.'s Ex. 2.  In July 2005, Plaintiff was treated by Dr. Arthur Huntley of University of California, Davis, who concluded that Plaintiff suffered from folliculitis.  Pl.'s Ex. 2.

In October 2005, Plaintiff was transferred back to CSP. He sought medical treatment at the prison in May 2006 for "indigestive problems" and made an additional three visits that month to request medication refills.  Pl.'s Ex. 2.  In June 2006, he requested health care services for "an emergency problem with [his] indigestive [sic] system."  Pl.'s Ex. 2.  Plaintiff noted in his request that he had experienced this problem "for quite some time now."  Pl.'s Ex. 2.  That year, he made return visits to address the issue once in June, once in July, three times in August, once in September, and once in October, and was treated for gastritis

United States District Court
For the Northern District of California

and "H. pylori gastritis."  In November 2006, Plaintiff tested
negative for H. pylori infection.  Decl. of Eva Morales, Ex. A.

After Plaintiff's gastrointestinal problems continued
unabated, he visited prison doctors several times throughout 2007
for treatment.  In September 2007, Dr. Merle R. Sogge conducted a
gastric biopsy and diagnosed Plaintiff with chronic gastritis.
Based on the results of the biopsy, Dr. Sogge ruled out H. pylori
infection.  Decl. of Morales, Ex. B.  Plaintiff made several more
visits to doctors in 2007 and 2008 to address both the recurring
rash and gastrointestinal problems.

In September 2008, Plaintiff was transferred to Calipatria
State Prison.  The following January, Plaintiff read a Prison Legal
News article about water contamination in California state prisons
and began corresponding with a representative from California
Prison Focus.  Decl. of Garcia, Ex. A, B.  On February 10, 2009, he
requested health care services for "gastric distress" and asserted
that he had developed the disorder after "drinking contaminated
water while [he] was at Salinas Valley State Prison."  Pl.'s Ex. 2.

On March 8, 2009, Plaintiff submitted a CDC 602 Inmate/Parolee
Appeal Form ("Form 602") alleging that he had contracted an H.
pylori infection after drinking contaminated "brown water" at SVSP.
Decl. of Garcia, Ex. C.  He demanded that prison officials remedy
the situation by (1) repairing the water filtration system at SVSP
to prevent future contamination; (2) reprimanding Defendants
Lamarque and Tilton; (3) providing ongoing medical treatment to
Plantiff; and (4) compensating Plaintiff for pain and suffering.
On March 11, 2009, the Appeals Coordinator at SVSP screened out

4

United States District Court

For the Northern District of California

United States District Court
For the Northern District of California

Plaintiff's Form 602 because it was not timely.  Decl. of Garcia, Ex. D.  The bottom of the Inmate/Parolee Appeal Screening Form sent to Plaintiff contained the following message: "This screening action may not be appealed.  If you allege the above reason is inaccurate, then attach an explanation on a separate piece of paper . . ."

On April 5, 2009, Plaintiff forwarded the form and a letter explaining his failure to file a timely Form 602 to the Director of Corrections in Sacramento.  Decl. of Garcia, Ex. E.  In a reply dated April 21, 2009, the chief of the Inmate Appeals Branch wrote that his office had screened out Plaintiff's Form 602 because it was "rejected, withdrawn, or cancelled at the institution level."  Decl. of Garcia, Ex. F.  Plaintiff then sent a letter dated April 26, 2009, to the Inmate Appeals Coordinator at SVSP, again explaining why he had filed a Form 602 years after exposure to the contaminated water.  Decl. of Garcia, Ex. G.  He did not receive a reply.

In May and June 2009, Plaintiff tested negative for H. pylori infection two more times.  Decl. of Morales, Ex. C, D.  On May 29, 2009, Plaintiff commenced this action in federal court and was thereafter granted leave to proceed in forma pauperis.  (Docket Nos. 1, 6).  Defendants now move jointly to dismiss the Complaint and, in the alternative, move for summary judgment.  (Docket No. 24).

DISCUSSION

Defendants argue that the Complaint should be dismissed under Rule 12(b) for three reasons: (1) Plaintiff failed to exhaust the

5

administrative remedies of the California prison system as required
by the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a);
(2) Plaintiff's claim is barred by the applicable statute of
limitations; and (3) § 1983 does not permit a theory of vicarious
liability or liability based on official capacity.  Defendants
contend that if the claim is not dismissed, summary judgment should
be granted because there is no genuine dispute as to any material
fact and they are entitled to judgment on the Eighth Amendment
claim as a matter of law.

I. Failure to Exhaust Administrative Remedies

    A. Legal Standard

    The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134,
110 Stat. 1321 (1996) (PLRA), provides that "[n]o action shall be
brought with respect to prison conditions under [42 U.S.C. § 1983],
or any other Federal law, by a prisoner confined in any jail,
prison, or other correctional facility until such administrative
remedies as are available are exhausted."  42 U.S.C. § 1997e(a).
This exhaustion requirement is mandatory and not subject to the
discretion of the court.  Booth v. Churner, 532 U.S. 731, 739
(2001).  Non-exhaustion under § 1997e(a) is an affirmative defense
that must be raised and proved by a defendant in an unenumerated
motion to dismiss under Federal Rule of Civil Procedure 12(b).
Jones v. Bock, 549 U.S. 199, 216 (2007); Wyatt v. Terhune, 315 F.3d
1108, 1119 (9th Cir. 2003).  In deciding such a motion, the court
may look beyond the pleadings and decide disputed issues of fact.
Wyatt, 315 F.3d at 1119-20.

    The PLRA requires "proper exhaustion" of administrative

United States District Court
For the Northern District of California

remedies.  Woodford v. Ngo, 548 U.S. 81, 93 (2006).  To meet this exacting standard, prisoners must not only lodge a formal complaint, but also pursue it through each stage of the administrative process in "compliance with an agency's deadlines and other critical procedural rules."  Id. at 90.  The requirement cannot be satisfied "by filing an untimely or otherwise procedurally defective administrative grievance or appeal."  Id.  A prisoner must exhaust even when the remedy he or she seeks is unavailable through the grievance process.  Id. at 85-86 (citing Booth, 532 U.S. at 734); see also Morton v. Hall, 599 F.3d 942, 945 (9th Cir. 2010).  A prisoner must also exhaust claims before filing a suit in federal court even though the administrative process may not be "plain, speedy and effective."  Porter v. Nussle, 534 U.S. 516, 524 (2002).  A complaint must be dismissed if the prisoner did not exhaust all available administrative remedies before the suit was filed.  Booth, 532 U.S. at 738; McKinney v. Carey, 311 F.3d 1198, 1199 (9th Cir. 2002).

State prison regulations define the contours of proper exhaustion.  Jones, 549 U.S. at 218.  Under California law, inmates have a right to an administrative appeal of "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare."  Cal. Code Regs. tit. 15, § 3084.1(a)(2006).[2]  Inmates also have a right to file administrative appeals alleging misconduct by correctional

---

[2] Art. 8, § 3084 of the California Code of Regulations has been amended nearly a dozen times, most recently in 2005, 2006, and 2010. Because Plaintiff filed his grievance in 2009, this Order cites sections of the 2006 code.

**United States District Court**
For the Northern District of California

officers.  § 3084.1(e).

     To exhaust all available administrative remedies, a prisoner
in California must complete a Form 602 and proceed through four
levels of appeal: (1) informal level grievance filed directly with
any correctional staff member; (2) first formal level appeal filed
with one of the institution's appeal coordinators; (3) second
formal level appeal filed with the institution head or designee;
and (4) third formal level appeal filed with the CDCR director or
designee.  § 3084.5; Brodheim v. Cry, 584 F.3d 1262, 1264-65 (9th
Cir. 2009); Barry v. Ratelle, 985 F. Supp. 1235, 1237 (S.D. Cal.
1997).  The prisoner must submit the initial appeal within fifteen
working days "of the event or decision being appealed" and resubmit
the appeal to each level of review within fifteen working days of
receiving a denial from the previous level.  § 3084.6(c); Sapp v.
Kimbrell, 623 F.3d 813, 818 (9th Cir. 2010).[3]  If the appeal is
denied at the third formal level, the prisoner has exhausted his
administrative remedies under the PLRA.  Barry, 985 F. Supp. at
1237-38.

     B. Analysis

     Plaintiff's Form 602 did not pass through each of the four
levels of administrative review as required by California's
grievance process for prisoners.  Plaintiff submitted a Form 602
grievance for the first time in March 2009, more than three years
after he had been transferred from SVSP to Corcoran State Prison

---

     [3] Regulatory amendments that took effect in 2011 give prisoners
thirty calendar days from the date of the incident to file an appeal.
See Cal. Code Regs. tit. 15, § 3084.8(b).

8

United States District Court
For the Northern District of California

and several months after being transferred to Calipatria State Prison.  By the time he filed a Form 602 grievance, it had been nearly three years since Plaintiff first brought symptoms of digestive problems to the attention of medical personnel and more than three years since his last conceivable exposure to contaminated water at SVSP.  It had been almost five years since Plaintiff first complained about his rash.

Under the most generous view of the facts, Plaintiff's Form 602 was not timely under California's administrative process, which in 2006 required that a grievance be submitted within fifteen days of the incident from which the complaint arose.  Cal. Code Regs. tit. 15, § 3084.6(c) (2006).  As a result, the Inmate Appeals Coordinator at SVSP properly screened out Plaintiff's Form 602, precluding consideration of the merits at any of the formal levels of review.

This much Plaintiff concedes.  However, he argues that his failure to exhaust should be excused because did not realize that he could have developed his illnesses from water contamination until he read an article about California prison conditions in 2009.  Plaintiff's failure to file a timely Form 602 and proceed through each level of the administrative process cannot be excused on this basis.  The fifteen working day window in effect during Plaintiff's tenure at SVSP accrued from "the event or decision that [was] the subject of his complaint," not the time at which the prisoner felt the effects of the event or discovered that he may have a viable legal claim.  Ngo v. Woodford, 539 F.3d 1108, 1109-10 (9th Cir. 2008); see also Harvey v. Jordan, 605 F.3d 681, 683-84

United States District Court
For the Northern District of California

(9th Cir. 2010) (holding that inmate must file complaint alleging excessive force within fifteen days of the date force was used, not fifteen days from the date he developed respiratory problems caused by that use of force).

Here, Plaintiff filed a grievance nearly five years after using a wool blanket that allegedly caused him to develop a rash. In September 2004, Plaintiff wrote the following on a request form for medical services: "The other day when I was transferred from Salinas Valley State Prison, I was given 'wool blankets.' I used those 'woole [sic] blankets' one time and I broke out in a 'bad rash.'" Plaintiff was required to file a Form 602 grievance within fifteen days of using the blanket. The fact that Plaintiff suspected a causal relationship between the blanket and his skin rash within days of his transfer suggests that the short filing window did not prevent him from making a timely complaint. Even if the symptoms first appeared after the fifteen day filing period, Plaintiff cannot justify a delay of almost five years.

To file a timely grievance for his gastrointestinal illness, Plaintiff should have filed a Form 602 complaint within fifteen days of consuming or bathing with the contaminated water that allegedly made him sick. Plaintiff had sufficient information to file a complaint within the fifteen day window. According to the Complaint and Opposition, Plaintiff became sick shortly after consuming visibly contaminated "brown water." He further acknowledges that on June 25, 2004, SVSP officials distributed to all prisoners a notice containing information about the nitrate levels of water in the prison. Decl. of Francisco Garcia ¶ 4.

10

**United States District Court**
For the Northern District of California

Even if Plaintiff developed symptoms after the fifteen day filing period, the Court cannot overlook a delay measured not in days or weeks, but years.

Plaintiff further argues that "the grievance procedrue [sic] has been rendered unavailable to him" because his appeal was screened out. Pl.'s Opp'n at 5. Plaintiff cites Hall v. Alameida, 2005 WL 2030728 at *3 (E.D. Cal.), in which the court concluded that a prisoner had exhausted all administrative remedies after his Form 602 appeal was screened out for procedural defects. However, subsequently, in Woodford v. Ngo the Supreme Court explicitly rejected that argument and held that the "proper exhaustion" requirement prevents a prisoner from exhausting administrative remedies simply by filing an untimely Form 602. 548 U.S. at 90-91.

Nonetheless, courts have power in equity to except prisoners from the proper exhaustion doctrine under special circumstances. Sapp, 623 F.3d at 827. The Ninth Circuit has held, for example, that a prisoner's failure to exhaust can be excused if it results from a prison warden's mistake. Nunez v. Duncan, 591 F.3d 1217, 1226 (9th Cir. 2010). Other circuit courts have found similar exceptions to the exhaustion requirement. See, e.g., Brown v. Croak, 312 F.3d 109, 112-13 (3d Cir. 2002) (prisoner told by officials to delay filing grievance form until investigation was complete); Dale v. Lappin, 376 F.3d 652, 656 (7th Cir. 2004) (prisoner denied access to grievance forms); Turner v. Burnside, 541 F.3d 1077, 1085 (11th Cir. 2008) (prisoner threatened with retaliation). However, none of these exceptions applies here, and Plaintiff fails to make a cogent argument as to how he was

11

precluded from filing a timely appeal.

Plaintiff cites Marella v. Terhune, 568 F.3d 1024 (9th Cir. 2009), in support of his contention that a screened out appeal makes remedies "effectively unavailable." However, in that case, the prisoner could not submit a timely Form 602 because he was in the hospital, then moved to the prison infirmary, and finally placed in administrative segregation. Id. at 1026. The Ninth Circuit excused the prisoner from the exhaustion requirement after concluding that he may not have had an opportunity to file a timely appeal. Id. at 1027. Here, the facts do not support that Plaintiff was in any way prevented from filing a grievance. Plaintiff offers no evidence that he did not have access to a Form 602 or that he was otherwise prevented from making a timely submission.

Booth is likewise inapposite.  In that case, the Supreme Court acknowledged that exhaustion is not required when the administrative procedure "lacks authority to provide any relief or to take any action whatsoever in response to the complaint." 532 U.S. at 736.  Here, prison officials could have responded to Plaintiff's request had a Form 602 been filed in a timely manner. Plaintiff had the "opportunity and ability to file a grievance timely" but elected not to do so. Marella, 568 F.3d at 1028. Consequently, his claims must be dismissed.

The only remaining issue is whether Plaintiff's failure to exhaust the administrative remedies available to him should result in the dismissal of the complaint with or without prejudice.  In the Ninth Circuit, courts ordinarily dismiss a complaint without

prejudice when the basis for dismissal is non-exhaustion of administrative remedies. <u>Vaden v. Summerhill</u>, 449 F.3d 1047, 1051 (9th Cir. 2006); <u>Wyatt</u>, 315 F.3d at 1120. Defendants, citing <u>Berry v. Kerik</u>, 366 F.3d 85, 88 (2d Cir. 2004), argue that the Court should deviate from this general principle and dismiss the Complaint with prejudice because Plaintiff's failure to file a timely Form 602 has barred him from future relief under California's grievance system for prisoners.

The Court agrees that granting Plaintiff leave to amend would be futile. Given the absence of extenuating circumstances, Plaintiff's opportunity to exhaust expired many years ago, and no amendment could allow him to state a claim that would survive a motion to dismiss for non-exhaustion. Other courts have reached similar conclusions in the wake of <u>Woodford</u>. <u>See Lipsey v. Reaume</u>, 2010 WL 3397046 at *8 (C.D. Cal.); <u>Janoe v. Garcia</u>, 2007 WL 1110914 at *9 (S.D. Cal.); <u>see also Pough v. Almager, V.M.</u>, 2010 WL 796748 at *10 (S.D. Cal.) (noting that the Ninth Circuit stricture to dismiss unexhausted claims without prejudice pre-dated <u>Woodford</u>). Plaintiff's complaint is therefore dismissed with prejudice. Because the Court dismisses the Complaint with prejudice on the basis of non-exhaustion, it does not reach Defendants' other arguments for dismissal or their motion for summary judgment.

II. Other Motions

Plaintiff includes in his opposition a motion to compel discovery responses. As Defendants note, the motion is procedurally defective under Rule 37(a)(1) because it was not noticed. It also comes, without any justification, after the

13

scheduled date for dispositive motions.  Even if the Court chose to overlook these procedural defects, Plaintiff does not seek to elicit information from Defendants that would challenge the basis for dismissal -- failure to exhaust administrative remedies. Accordingly, Plaintiff's motion to compel is DENIED.

Plaintiff also moves for appointment of counsel. In June, 2010, the Court denied Plaintiff's motion for appointment of counsel but granted his request to supplement the motion with additional documents. (Docket No. 16).  Plaintiff now renews his request. (Docket No. 35).  "A district court will secure counsel for an indigent civil litigant under section 1915(d) only under 'exceptional circumstances . . .'" United States v. 30.64 Acres of Land, 795 F.2d 796, 799 (9th Cir. 1986) (citation omitted).  A determination of exceptional circumstances requires the court to examine "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).  Given that Plaintiff's claims are barred for failure to exhaust administrative remedies, there is no possibility of success on the merits.  Accordingly, the motion for appointment of counsel is DENIED.

14

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED and motion for summary judgment is DENIED as moot.  (Docket No. 24).  Plaintiff's motion to compel is DENIED (Docket No. 30), as is the motion for appointment of counsel.  (Docket No. 35).

IT IS SO ORDERED.


Dated: 8/11/2011

_____
CLAUDIA WILKEN
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE
NORTHERN DISTRICT OF CALIFORNIA

FRANCISCO GARCIA,

                    Plaintiff,

   v.

A A LAMARQUE et al,

                    Defendant.

_____/

Case Number: CV09-02235 CW

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on August 11, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Francisco  Garcia K-38818
Calipatria State Prison
P.O. Box 5002
Calipatria,  CA 92233

Dated: August 11, 2011

Richard W. Wieking, Clerk
By: Nikki Riley, Deputy Clerk

**United States District Court**
For the Northern District of California